Shella Alcabes, Cal Bar No. 267551
salcabes@freedomfoundation.com
Timothy R. Snowball, Cal Bar No. 317379
tsnowball@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER POLLICK**, an individual, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS.** |
| v. | |
| **UNION OF AMERICAN PHYSICIANS AND DENTISTS, AFSCME LOCAL 206**, an employee organization; **MALIA M. COHEN**, in her official capacity as California State Controller, | [42 U.S.C. § 1983] |
| Defendants. | **DEMAND FOR JURY** |

COMPLAINT

1

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**INTRODUCTION**

1. California Government Code Section 1153 ("Section 1153) empowers unions, like Union of American Physicians and Dentists, AFSCME Local 206 ("UAPD" or "the Union") to bind public employees to perpetual union membership and dues payments based not on the employees' membership applications with the Union, but based on a contract between the State of California and the union to which the Plaintiff never agreed and was not a direct party.

2. Doctor Christopher Pollick ("Dr. Pollick") joined UAPD over fifteen years ago, signing a membership application that explicitly stated he could resign UAPD membership and end the deductions from his lawfully earned wages at any time.

3. But when he attempted to disassociate from UAPD and stop deductions from his paycheck, per his membership application, UAPD disregarded the terms of the membership application and forced him to continue forced association and deductions.

4. According to UAPD, Dr. Pollick could only opt out of membership and dues during a thirty-day period prior to the expiration of the then current Memorandum of Understanding ("MOU") between the State of California (the "State") and UAPD.

5. When the MOU was extended for another year, Dr. Pollick's opt-out window was also advanced another year.

6. UAPD's power to compel union association and employee subsidization of its political speech is made possible only through Section 1153, which allows the

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

State Controller Malia M. Cohen ("State Controller") to continue dues deductions even when employees, not otherwise bound to continue the association and payments, object.

7. Dr. Pollick seeks declaratory, injunctive, and compensatory relief under 42 U.S.C. § 1983 to stop the State and UAPD from seizing money from his wages and for repayment of wages unlawfully confiscated in violation of his First and Fourteenth Amendment rights.

## JURISDICTION AND VENUE

8. This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 (Section 1983) (action for deprivation of federal civil rights), and 28 U.S.C. §§ 2201-2202 (action for declaratory relief), including relief pursuant to Federal Rule of Civil Procedure 65 (permanent injunctive relief).

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal questions) and 28 U.S.C. § 1343 (deprivation of federal civil rights).

10. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), because all Defendants are residents of California, and a substantial part of the events giving rise to this action occurred in this judicial district.

11. Defendant Malia M. Cohen is a "person" subject to prospective relief under Section 1983 and *Ex parte Young*, 209 U.S. 123 (1908).

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

3

## PARTIES

12.   Plaintiff, Christopher Pollick, M.D., resides in San Clemente, California, and has been employed as a physician and surgeon with California Correctional Health Care Services ("CCHCS") since 2008.

13.   Dr. Pollick joined UAPD in 2008, when he began working at CCHCS.

14.   Defendant Union of American Physicians and Dentists, AFSCME Local 206, is a "recognized employee organization," Cal. Gov't Code § 3513(b), and the exclusive representative for Dr. Pollick's bargaining unit.

15.   The system established by Section 1153 and enforced through the MOU between the State and UAPD, empowers UAPD to represent to the state whether Dr. Pollick has authorized deductions from his lawfully earned wages for use in UAPD's political speech, and to then collect and spend those monies using the state's payroll deduction system and spend them on political speech.

16.    UAPD's office is located at 520 Capitol Mall, Suite 220, Sacramento, CA 95814.

17.   Defendant Malia M. Cohen, the California State Controller ("State Controller"), is sued in her official capacity as the state's chief fiscal executive officer.

18.   The State Controller collects union dues deductions pursuant to Section 1153 and the MOU between the State and the Union, including from Dr. Pollick's lawfully earned wages.

19.   The State Controller's office is located at 300 Capitol Mall, Suite 1850,

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Sacramento, California 95814.

## FACTUAL ALLEGATIONS

### A. California's Union Deduction and Spending System.

20.    The State's exclusive representation system, applied to all public sector employees through the Dills Act (Cal. Gov't Code §§ 3512-3524), grants to UAPD, and other public sector unions, many exclusive privileges with the public employees it represents, including Dr. Pollick.

21.    UAPD negotiates all wages, hours and working conditions on behalf of Dr. Pollick, whether he wants to be subject to those negotiations or not. *See*, Cal. Gov't Code § 3515.5.

22.    Even if he resigns union membership, Dr. Pollick cannot ***not*** affiliate and associate with UAPD, as a condition of his employment with CCHCS and the State. *See*, Cal. Gov't Code § 3515.5. *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2478 (2018) ("It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees—itself a significant impingement on associational freedoms that would not be tolerated in other contexts.").

23.    Further, the State, without seeking authorization from Dr. Pollick, continually sends to UAPD a great deal of his personal information, including his contact information, which UAPD then uses to contact Dr. Pollick. *See*, Cal. Gov't Code § 3515.7(b).

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

24. California has also constructed a statutory and contractual system under which public unions, like UAPD, force public employees to maintain their membership in unions and then take and spend those employees' lawfully earned wages on the union's political speech without contractual authorization or affirmative consent as the First Amendment requires.

25. This system is comprised of state law, Section 1153, and the MOU between the State and UAPD.

26. Section 1153 directs the State Controller to make, cancel, or change employee deductions for union purposes at the sole discretion of UAPD. Cal. Gov't Code § 1153.

27. Under Section 1153, the State Controller is not allowed to question, or independently verify, UAPD's representation of as to who has consented or who has not consented to dues deductions. *Id*.

28. Under Section 1153, public employees have no formal notice of the deductions from their paycheck, and no opportunity to contest the deductions in a hearing or other setting, and any access to a neutral decision maker.

29. If an employee disputes the existence of a deduction certification, or believes his certification is no longer in effect and UAPD is still taking and spending his money on political speech, the State Controller will ignore this dispute and direct the employee to UAPD.

30. Further, the MOU between the State and UAPD reinforces and enables

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

6

their unfair system because Section 1153 compels the State Controller to deduct and transmit all UAPD dues to UAPD without any confirmation or oversight that UAPD has valid consent from employees for said deductions. *See,* Ex. E, *supra*.

31.    The State further agrees in the MOU to an annual "window period," under which UAPD members supposedly are restricted from withdrawing from membership or ending their dues' deduction authorizations until 30 days before the expiration of the MOU. *Id.*

32.    Under the system operating through Section 1153 and the MOU, UAPD is thus empowered to control the entire process, or lack thereof, when an employee has concerns over the union's use of their lawfully earned wages on political speech.

**B. Christopher Pollick: Medical Doctor and Dedicated State Employee.**

33.    Dr. Pollick began working for the CCHCS in 2008 and joined UAPD that same year.

34.    As a physician for CCHCS, Dr. Pollick treats prisoner-patients with serious medical issues, including patients transported from other prisons and institutions for the purpose of receiving medical treatment.

35.    Dr. Pollick's 2008 membership application ("Membership Application") authorized the State Controller to deduct $196.47 per month in dues to UAPD.

36.    The dues increased to $254.17 per month by 2022.

37.    The Membership Application stated that: "This authorization will remain in effect until cancelled by myself or the UAPD." A true and correct copy of Dr.

COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Pollick's 2008 Membership Application is attached hereto as **Exhibit A**.

38.    There were no other restrictions in the Membership Application regarding Dr. Pollick's ability to resign his UAPD membership and stop paying dues. *Id*.

### C. Dr. Pollick Attempts To Resign UAPD Membership.

39.    Frustrated and upset that UAPD was doing nothing to alleviate his concerns regarding his working conditions, Dr. Pollick decided to resign from UAPD, pursuant to the terms of his 2008 Membership Application.

40.    On June 28, 2021, Dr. Pollick sent a written letter to UAPD in which he withdrew consent to the withdrawal of his lawfully earned wages and demanded that the union "immediately cease deducting all dues, fees, and political contributions." A true and correct copy of the proof of mailing of Dr. Pollick's June 28, 2021, opt-out letter is attached hereto as **Exhibit B**.

41.    Dr. Pollick also requested a copy of his dues deduction authorization. *Id*.

42.    In response to his timely request to resign UAPD membership and stop paying dues, UAPD responded in a letter from R. Douglas Chiappetta, the Executive Director of UAPD, on August 4, 2021.

43.    This letter stated that "[p]ursuant to UAPD's agreement with the State of California," Dr. Pollick could purportedly only "withdraw from membership" by opting out within thirty days of the expiration of the then current MOU between the State and UAPD.  A true and correct copy of UAPD's August 4, 2021, response letter is attached hereto as **Exhibit C**.

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

44. The letter further stated that "[t]he current Bargaining Unit 16 Agreement is effective July 1, 2020 through **July 1, 2023. You may submit your request to withdraw from the UAPD within thirty (30) day[sic] prior to July 1, 2022.**"[1] *Id*.

45. According to the MOU, however, it expired on July 1, 2022, not July 1, 2023, as the letter stated. A true and correct copy of the July 1, 2020, through July 1, 2022, MOU is attached hereto as **Exhibit D**.

46. Thus, the window period in which the union permitted employees to resign membership and stop dues deductions was June 1, 2022 through June 30, 2022. *Id*.

**D. Dr. Pollick Attempts To Resign UAPD Membership a Second Time.**

47. Dr. Pollick submitted an opt-out letter to UAPD again on June 4, 2022.

48. He did so in accordance with UAPD's August 4, 2021 letter to him and in accordance with the terms of the 2020-2022 MOU. A true and correct copy of the proof of mailing of Dr. Pollick's June 4, 2022, opt-out letter, along with an email from Dr. Pollick to Mr. Chiappetta, Executive Director of UAPD, dated June 30, 2022, requesting to withdraw from UAPD membership, is attached hereto as **Exhibit E**.

49. In response, Dr. Pollick received another letter from Mr. Chiappetta on

---

[1] It appears that UAPD's letter contained a typo. UAPD intended to state that Dr. Pollick would not be able to submit his request to withdraw from UAPD until thirty days before July 1, 2023, not July 1, 2022. This is evidenced by the fact that UAPD continued to deduct dues from Dr. Pollick in August and September of 2022 even though, in accordance with the letter, UAPD should have stopped deductions in July 2022.

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

9

June 7, 2022. A true and correct copy of the June 7, 2022, letter from UAPD is attached hereto as **Exhibit F**.

50.    The June 7, 2022, letter stated that the current MOU had been extended from expiring on July 1, 2022, to expiring on July 1, 2023. *Id.*

51.    The June 7, 2022, letter also stated that "**You may submit your request to withdraw from the UAPD within (30) day[sic] prior to July 1, 2022.**"[2]  *Id.*

52.    In short, despite two proper and timely resignations, following all of the procedures UAPD required, and the fact that after this point Dr. Pollick's membership application was no longer binding, UAPD nonetheless required Dr. Pollick associate with UAPD and pay dues until July 1, 2023.

53.    Without Dr. Pollick's' knowledge, the State and UAPD signed a new side-letter on June 11, 2021, which extended the MOU until July 1, 2023. A true and correct copy of the June 11, 2021 side-letter agreement is attached hereto as **Exhibit G**.

54.    According to UAPD and Section 1153, UAPD now bound Dr. Pollick and to an additional year of membership, deductions, and political spending using his lawfully earned wages against his will and over his proper resignation.

---

[2] It appears that UAPD's June 7, 2022, letter also contained a typo. Upon information and belief, UAPD intended to say that because the MOU had been extended from expiring on July 1, 2022, to expiring on July 1, 2023, Dr. Pollick should submit his request to withdraw thirty days prior to July 1, 2023, not July 1, 2022 as it stated in the letter. Otherwise, the letter makes no sense because Dr. Pollick did opt-out "within (30) day prior to July 1, 2022."

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**E. Dr. Pollick Retains Counsel.**

55.     In August 2022, Dr. Pollick retained counsel.

56.     On September 6, 2022, the Plaintiff's counsel wrote a letter on behalf of Dr. Pollick asking UAPD to (1) immediately cease any deductions from Dr. Pollick's paycheck for the month of October and (2) immediately process his resignation from UAPD.

57.     By the October 1, 2022 paycheck, Defendants stopped deducting money from Dr. Pollick's paycheck and informed Dr. Pollick that he was no longer a member of UAPD.

58.     On January 20, 2023, UAPD sent a check in the amount of $1,002.67 to Dr. Pollick.

59.     On February 3, 2023, UAPD sent a second check in the amount of $1,002.67 to Dr. Pollick.

60.     The check amounts did not cover all of the money the Defendants took from Dr. Pollick's paychecks.

61.     Dr. Pollick did not cash the checks because he rejected this offer of settlement.

**F. Allegations Applicable to Claims for Prospective Relief.**

62.     The controversy between Dr. Pollick and the Defendants is a concrete dispute concerning the legal relations of parties with adverse legal interests.

63.     Specifically, Dr. Pollick and the Defendants dispute the constitutionality

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

11

of Defendants' actions in compelling Dr. Pollick to remain a union member and pay money to UAPD despite his objections.

64.     Since June 2021 and until October 2022, the State Controller took, and UAPD spent, Dr. Pollick's lawfully earned wages pursuant only to state statute and an agreement between UAPD and the State to which Dr. Pollick was not a party.

65.     To date, neither UAPD nor the State Controller has offered to return all of the money taken from Dr. Pollick without his affirmative consent.

66.     Nor would such a simple compensatory refund be sufficient to cure his injuries, given the damage to his constitutional rights.

67.     The Defendants maintain the constitutionality of his actions.

68.     The declaratory relief sought is not based on a hypothetical state of facts, nor would it amount to a mere advisory opinion.

69.     Rather, Dr. Pollick asks the Court to declare the legal rights of a party with adverse interests in a continuing controversy.

70.     Injunctive relief is appropriate, as Dr. Pollick is suffering a continuing irreparable injury to his Fourteenth Amendment rights because Defendants have not changed their conduct.

71.     However, Dr. Pollick states that if UAPD changes its policies and conduct regarding its representation, he would consider re-joining UAPD.

72.     There is no adequate remedy at law for these continuing injuries.

73.     As a result of the foregoing, an actual and justiciable controversy exists

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

12

between Dr. Pollick and Defendants regarding his respective legal rights, the matter is ripe, and judicial review is appropriate.

## CAUSES OF ACTION

### COUNT I
### Freedom Of Association
### (42 U.S.C. § 1983)

74.   Dr. Pollick re-alleges and incorporates by reference each and every paragraph set forth above.

75.   The freedom of association rights protected by the First Amendment prohibit UAPD from using Section 1153 and the MOU to compel Dr. Pollick to remain a member of the union against his will.

76.   According to the terms of the membership application Dr. Pollick signed in 2000, and 2008, respectively, Dr. Pollick was unrestricted in his ability to end his union membership at any time.

77.   When Dr. Pollick submitted his opt-out letters in June 2022 and previously, in June 2021, UAPD should have immediately released him from UAPD membership.

78.   Dr. Pollick was not a party to the State and UAPD's 2020-2022 MOU which restricted his ability to end his membership.

79.   Nor was Dr. Pollick party to the extension of that MOU to July 2023, which continued that restriction.

80.   Since June 2021, Dr. Pollick no longer agreed to continued association

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

13

with UAPD.

81.   Dr. Pollick actively opposes continued association with UAPD.

82.   UAPD used the authority the State gave it under Section 1153 and the MOU to retain Dr. Pollick as a member, and force Dr. Pollick's association with UAPD against his will.

83.   Under Section 1153 and the MOU, Dr. Pollick has suffered injuries to his rights to free association under the First Amendment.

84.   For example, being forced to associate with UAPD includes the potential of union discipline. Section XI of the UAPD Constitution and By-Laws state that: "The Union may censure, fine, suspend, or expel a member for valid cause…" The list of "valid causes" includes having a "conflicting position which substantially interferes with the interests, goals and objectives of the Union and that is damaging or injurious to the union." A true and correct copy of the UAPD Constitution and By-Laws is attached hereto as **Exhibit H**.

85.   Section 1153, and the MOU, are unconstitutional on their face and as applied to Dr. Pollick.

86.   Therefore, Dr. Pollick seeks compensatory damages against UAPD for injuries to his free association rights, and nominal damages against all Defendants for constitutional violations, pursuant to 42 U.S.C. § 1983.

COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## COUNT II
### Freedom from Compelled Speech
### (42. U.S.C. § 1983)

87.	Dr. Pollick re-alleges and incorporates by reference each and every paragraph set forth above.

88.	The free speech clause of the First Amendment prohibits Defendants from compelling public employees to subsidize the political speech of public unions like UAPD.

89.	According to the terms of the UAPD membership application Dr. Pollick signed when he joined UAPD in 2000 and 2008, Dr. Pollick was not restricted in his ability to end the dues' deductions, or any other deductions, from his lawfully earned wages at any time.

90.	When Dr. Pollick submitted his opt-out letter in June 2021, UAPD should have immediately released him from all future deductions.

91.	Dr. Pollick is not a party to the State and UAPD's 2020-2022 MOU, which UAPD claims restricted his ability to end the deductions from his pay.

92.	Nor was Dr. Pollick a party to the extension of that MOU to July 2023, which UAPD claims continued that restriction.

93.	Since June 2021, Dr. Pollick no longer agreed to continued deductions from his lawfully earned wages to subsidize UAPD's political speech.

94.	UAPD used the authority the State gave it under Section 1153 and the MOU to require Dr. Pollick to pay money from his paycheck against his will.

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

15

95. Under Section 1153 and the MOU, Dr. Pollick has suffered injuries to his free speech rights under the First Amendment.

96. Section 1153, and the MOU, are unconstitutional on their face and as applied to Dr. Pollick.

97. Therefore, Dr. Pollick seeks compensatory damages against UAPD for injuries to his free speech rights, and nominal damages against all Defendants for constitutional violations, pursuant to 42 U.S.C. § 1983.

## COUNT III
### Right to Procedural Due Process - Liberty and Property Interests
### (42 U.S.C. § 1983)

98. Dr. Pollick re-alleges and incorporates by reference each and every paragraph above.

99. The Fourteenth Amendment requires the government to provision constitutionally adequate procedures before an individual is deprived of liberty or property.

100. Dr. Pollick has cognizable liberty interests in his First Amendment rights to free association and free speech.

101. Dr. Pollick has a cognizable property interest in the lawfully earned wages Defendants confiscated from him without his affirmative consent.

102. Taking Dr. Pollick's property for objectionable union political speech is a cognizable injury, even if UAPD later returns the full amount of money, which it did not do here.

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

16

103.    The state system under which Defendants force Dr. Pollick to remain a member of UAPD and seize and spend his lawfully earned wages on UAPD's political speech, Section 1153 and the MOU, do not include any of the procedural protections required by Fourteenth Amendment.

104.    This includes the lack of pre-deprivation procedures, such as sufficient notice of the deprivations, an opportunity to contest the deprivations, and access to a neutral decisionmaker.

105.    Defendants irreparably harmed Dr. Pollick's First Amendment rights by requiring Dr. Pollick to maintain membership and pay money to UAPD after he resigned, without any prior notice or an opportunity to contest the forced association and payments before the deprivations occurred.

106.    UAPD used the authority pursuant to Section 1153 and the MOU to force Dr. Pollick to associate with UAPD and to continue taking and spending his money on politics without authorization or consent, without any process whatsoever.

107.    Under Section 1153 and the MOU, Dr. Pollick has suffered, and continues to suffer, injuries to his right to procedural due process.

108.    Section 1153, and the MOU, are unconstitutional on their face and as applied to Dr. Pollick.

109.    Therefore, Pollick seeks compensatory damages against UAPD for injuries to his procedural due process rights, and nominal damages and equitable relief against all Defendants to end the continuing deprivations, pursuant to 42 U.S.C. § 1983

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

and 28 U.S.C. §§ 2201-2202.

## COUNT IV
### Right to Substantive Due Process - Liberty Interests
### (42 U.S.C. § 1983)

110.  Dr. Pollick re-alleges and incorporates by reference each and every paragraph above.

111.  The substantive component of the Due Process Clause prohibits restraints on liberty that are inherently arbitrary.

112.  Hence, substantive due process bars certain government actions regardless of the fairness of the procedures used to implement them.

113.  Dr. Pollick has a cognizable liberty interest in his First Amendment rights against forced association and compelled speech.

114.  The sole means available to Dr. Pollick and other public employees to terminate their union memberships and end their dues deductions under the state system enabled by the State's exclusive representation system, Section 1153 and the MOU between the State and UAPD, requires their termination requests be directed to UAPD, rather than directly to the State Controller or CCHCS.

115.  UAPD is an inherently biased and financially interested party with an incentive for dues deductions to continue, whether employees like Dr. Pollick have given their affirmative consent or refused it.

116.  UAPD has no incentive to release Dr. Pollick, or other comparably situated public employees, from their memberships or supposed dues authorizations.

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

117.   Rather, UAPD has a direct financial and legal incentive to represent to the State Controller that Dr. Pollick provided the affirmative consent required by the First Amendment.

118.   As a result, UAPD's actions under Section 1153 and the MOU have the purpose and effect of arbitrarily burdening Dr. Pollick's ability to exercise his First Amendment rights against compelled speech and compelled association.

119.   UAPD used the State's exclusive representation system, Section 1153, and the MOU to force Dr. Pollick's association with UAPD and continue taking and spending his money on politics without authorization or consent, over his express objections.

120.   Under Section 1153 and the MOU, Dr. Pollick has suffered, and continues to suffer, injuries to his right to substantive due process.

121.   Section 1153, and the MOU, are unconstitutional on their face and as applied to Dr. Pollick.

122.   Therefore, Dr. Pollick seeks compensatory damages against UAPD for injuries to his substantive due process rights, and nominal damages and equitable relief against all Defendants to end the continuing deprivations, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-2202.

COMPLAINT

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## PRAYER FOR RELIEF

Wherefore, Dr. Pollick respectfully requests that this Court:

123.   **Issue a Declaratory Judgment:**

- Issue declaratory judgment that Section 1153 violates public employees' right to free association under the First Amendment, facially and as applied, when it empowers unions to require employees to maintain union membership against their will.

- Issue declaratory judgment that Section 1153 violates public employees' right to free speech under the First Amendment, facially and as applied, when it requires the State Controller to continue deducting dues from public employees' paychecks and remitting those funds to public sector unions without employees' affirmative consent.

- Issue declaratory judgment that Section 1153 violates public employees' Fourteenth Amendment right to procedural due process, facially and as applied, because Section 1153 does not provide notice and a hearing before a neutral decision-maker *before* the State Controlled deducts money from public employees' paychecks and remits that money to public sector unions, an irreparable harm.

- Issue declaratory judgment that Section 1153 violates public employees' Fourteenth Amendment right of substantive due process, facially and as applied, by empowering public sector unions to deprive employees of their First Amendment rights to free association and free speech through a system entirely controlled by unions with

COMPLAINT



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

a legal and pecuniary interest in employees' membership and wages.

124. **Issue a Permanent Injunction:**

- Issue a permanent injunction enjoining the State Controller and public sector unions from using Section 1153 to violate public employees' rights to free association under the First Amendment.

- Issue a permanent injunction enjoining the State Controller and public sector unions from using Section 1153 to violate public employees' rights to free speech under the First Amendment.

- Issue a permanent injunction enjoining the State Controller from deducting money from public employees' paychecks and remitting that money to public sector unions without the Fourteenth Amendment's procedural due process requirements of notice and a hearing before a neutral decision-maker *prior* to the deduction.

- Directing public sector unions and the State Controller institute constitutional safeguards to prevent the union control of public employees' liberty and property interests in their lawfully earned wages pursuant to the Fourteenth Amendment.

125. **Enter judgment:**

- Awarding Dr. Pollick damages in the amount of $3,688.63 ($233.50 per month, multiplied by six months, and $254.17 multiplied by nine months) through October 2022, plus interest at the maximum amount allowed by law, as against all

COMPLAINT

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

21

Defendants, for the money unconstitutionally seized from his lawfully earned wages without his contractual authorization or affirmative consent since he ended his membership and dues' deduction authorization in June 2021;

• Awarding Dr. Pollick additional compensatory damages for the deprivation of his First and Fourteenth Amendment rights, in an amount to be determined at trial;

• Awarding Dr. Pollick $1.00 in nominal damages for the deprivation of his First and Fourteenth Amendment rights;

• Awarding Dr. Pollick his costs and attorneys' fees under 42 U.S.C. § 1983 and § 1988;

• Awarding Dr. Pollick any further relief to which he may be entitled and any other relief this Court may deem just and proper.

Date: May 10, 2023          Respectfully submitted,

FREEDOM FOUNDATION

Shella Alcabes, Cal Bar No. 267551
Timothy R. Snowball, Cal Bar No. 317379
Freedom Foundation
PO Box 552
Olympia, WA  98507
Telephone: (360) 956-3482
salcabes@freedomfoundation.com
tsnowball@freedomfoundation.com
*Attorneys for Plaintiff*

COMPLAINT

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

## Verification

I, Dr. Pollick, declare as follows:

1.      I am the Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of California.

2.      I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Amended Complaint for Declaratory Judgment, Injunctive Relief, and Damages for Violation of Civil Rights,* and if called I would competently testify as to the matters stated herein.

3.      I verify under penalty of I declare under penalties of perjury, under the laws of the United States, that the foregoing statements are true and correct.

Executed on: May 10, 2023.

 /s/*Christopher Pollick*
Christopher Pollick

COMPLAINT

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

23